**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| THE EQUAL RIGHTS CENTER<br>11 Dupont Circle, N.W., Suite 450<br>Washington, D.C. 20036,<br><br>Lewis Starks<br>930 Farragut Street, N.W.<br>Unit 409<br>Washington, D.C. 20011<br><br>    Plaintiffs,<br><br>        v.<br><br>Wings to Go, Inc.<br>403 Headquarters Drive #5<br>Millersville, MD 21108<br><br>AJ Eastern, Inc.<br>3502 12th St, N.E<br>Washington, D.C. 20017<br><br>NIPU, Inc.<br>3825 Pennsylvania Ave., S.E.<br>Washington, D.C. 20020<br><br>    Defendants. | Civil Action No. |

**PLAINTIFFS' COMPLAINT**

## I.    INTRODUCTION

1.    Plaintiffs Lewis Starks and The Equal Rights Center ("ERC") (collectively,

"Plaintiffs") bring this action for declaratory judgment, injunctive relief, and damages against

Defendants because Defendants maintain policies and engage in practices that result in stores

that are inaccessible to persons with disabilities, in violation of the Americans with Disabilities

Act of 1990, 42 U.S.C. §§ 12181, *et seq.* ("ADA") and the District of Columbia Human Rights Act, D.C. Code Ann. §§ 2-1401, *et seq.* ("DCHRA").

2. Defendant Wings to Go, Inc. is a franchisor of restaurants serving primarily chicken wings. Wings to Go, Inc. markets itself as providing "quality chicken paired with the best sauces available at any wing restaurant anywhere." Its slogan is "Simply Great Wings." In addition to chicken wings, Wings to Go offers "fries, salads, sandwiches, catfish, shrimp and a variety of specialty appetizers."

3. In 1989, Wings To Go began franchising, and the company started to steadily grow. Today, there are over 58 Wings To Go restaurants across the South, Southeast and Mid-Atlantic regions of the United States.

4. Wings to Go markets its restaurants as making customers "feel instantly 'at home' due to the comfortable local sports theme" at each of its locations.

5. But Wings to Go's "at home" atmosphere excludes individuals with disabilities. Defendants deny equal access to individuals with disabilities, including Plaintiffs Starks and other members of the ERC, by their policies and practices of designing, constructing, and maintaining Wings to Go stores that are inaccessible to individuals with disabilities.

6. Defendants prevent individuals with disabilities from entering and navigating their stores as customers without disabilities. Defendants discriminate against individuals with disabilities by maintaining an inaccessible entrance at one of its Washington, DC locations and service counters that are too high for individuals with disabilities at both of its Washington, DC locations.

7. As a result of reports of complaints, and in order to learn the full extent of Defendants' violations, the ERC undertook a survey of the accessibility of Wings to Go locations

in the Washington, DC, Maryland and Virginia areas.  The ERC surveyed Defendants' stores at

3825 Pennsylvania Avenue, SE, Washington, DC; 3502 12th St, NE, Washington DC; 8725

Centre Park, Dr. Columbia, MD; 7678-C Richmond Highway, Mt. Vernon Plaza, Alexandria,

VA; 8421 Veterans Highway Millersville, MD 21108.

8.      The ERC found accessibility barriers at every Wings to Go location it surveyed

throughout the region.  The most serious barriers include:  inaccessible main entrances,

inaccessible sales and service counters, inaccessible seating, inaccessible parking, and

inaccessible bathrooms.

9.      In addition, the ERC sent Defendant Wings to Go, Inc. an outreach and education

letter by certified mail to inform Wings to Go, Inc. of its unlawful conduct and to educate it on

its responsibilities under the DCHRA and ADA.

10.      Upon information and belief, Defendants' continued, widespread failure to

provide accessibility at their stores across the nation is the result of common design features,

policies, and practices.

11.      These coordinated policies, practices, and procedures deprive persons with

disabilities of the full and equal enjoyment of the goods, services, facilities, privileges,

advantages, and accommodations that Wings to Go stores provide to other individuals without

disabilities.

12.      Defendant Wings to Go, Inc. had full prior notice that the issues alleged in this

Complaint violate the ADA.  Defendant Wings to Go, Inc.  refused to remedy ADA violations

despite receiving notice of such violations from the ERC.

13.      Plaintiffs allege that Defendants' discriminatory policies, practices, and

procedures violate the ADA and the DCHRA.

14.     Accordingly, Plaintiffs request that the Court:  (i) declare unlawful Defendants' policies and practices of denial of access to and through their restaurants to persons with disabilities under the ADA and the DCHRA; (ii) require Defendants to modify their practices, policies, and procedures to comply with the ADA and the DCHRA; (iii) require Defendants to remove architectural barriers at Defendants' Wings to Go stores; and (iv) enter a judgment for compensatory and punitive damages, as well as costs and attorneys' fees, where appropriate, and such other relief as this Court deems just and proper.

## II.     JURISDICTION AND VENUE

15.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 because Plaintiffs assert a claim under the Americans with Disabilities Act of 1990, Pub. L. 101-335, 104 Stat. 327 (codified at 42 U.S.C. §§ 12101- 12213).

16.     This Court has personal jurisdiction over Defendants because Defendants are present in and regularly conduct business in the District of Columbia.

17.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this action occurred in this district and because Plaintiffs Starks and ERC and Defendants AJ Eastern Inc. and NIPU, Inc. reside in this district .

## III.     PARTIES

### A.     Plaintiffs

18.     Plaintiff The Equal Rights Center ("ERC") is a national not-for-profit organization organized under the laws of the District of Columbia, with its principal place of business at 11 Dupont Circle, N.W., Suite 450, Washington, D.C. 20036.  The ERC's membership consists, in part, of persons with disabilities who live throughout the nation and

others who are committed to, *inter alia*, equal rights, equal access and equal opportunity for persons with disabilities.  One of the principal goals of the ERC is the promotion of equal access for people with disabilities.  The ERC pursues this goal through various means, including research, outreach and education, counseling, advocacy, and enforcement.  The ERC brings this case on its own behalf and as a representative of its members, whose right to live in and enjoy a community free from discrimination on the basis of physical disability has been infringed by Defendants.  The ERC also brings this case because it has been damaged by the frustration of its mission, and by having to divert resources that the ERC would have used to provide counseling, outreach and education, and referral services.  Instead, the ERC has devoted resources to identifying and investigating Defendants' discriminatory policies and practices and reaching out to Defendant Wings to Go, Inc. to engage in education regarding the discriminatory conduct.

19.     Plaintiff Lewis Starks is an adult resident of the District of Columbia.  Mr. Starks has a physical impairment that substantially limits one or more of his major life activities.  Specifically, he uses a wheelchair for mobility.  Mr. Starks is a member of the ERC.

**B.     Defendant Wings to Go, Inc.**

20.     Defendant Wings to Go, Inc. ("Wings to Go Corporate") is a Delaware corporation with its principal place of business at 403 Headquarters Drive #5, Millersville, MD 21108.  Wings to Go, Inc., through its franchises, is a fast food chain specializing in chicken wings with over 20 flavors of sauces.  In addition, Wings to Go restaurants serve fries, salads, sandwiches, catfish, shrimp and a variety of specialty appetizers.

21.     Wings to Go opened its first location in Dover, Delaware in 1985.  Today, Wings to Go has over 58 franchise locations across 13 states and the District of Columbia.

22.     Wings to Go franchises include take out only locations as well as full eat-in fast casual restaurants serving beer and liquor.

23.     On its website, Wings to Go, Inc. tells current and prospective franchisees that it will "help [them] set up the wing restaurant of [their] dreams"  with the assistance of their corporate team.

24.     Wings to Go, Inc. tells its franchisees that it has "been fine tuning [its] franchise systems to provide [them] with the guidelines [they] need to operate [their] Wings to Go restaurant efficiently."  Indeed, Wings to Go, Inc. states that "[f]rom the time you sign your franchise agreement to store opening and beyond, Wings to Go is with you each step of the way helping you deliver simply great wings to your community."

25.     Indeed, Wings to Go, Inc. advertises on its own website that it provides support to its franchises in the following areas:

> a.     <u>Site Selection</u>: "Using over 27 years of experience, Wings to Go will help guide you in your search for the right location."
>
> b.     <u>Store Design</u>:  "The Wings to Go décor and kitchen design will help make your store efficient and professional."
>
> c.     <u>Training</u>:  Wings to Go Corporate provides its franchisees with a 20 day training program designed to teach franchisees how to operate their restaurant.
>
> d.     <u>On-Going Assistance</u>: Wings to Go Corporate provides its franchisees with "routine visits" designed to keep its franchises "in peak condition."
>
> e.     <u>Business Guidelines</u>: Wings to Go Corporate provides its franchisees "the necessary tools and guidelines to run the business end of [their] restaurant.

> All facets of [the franchisees] business are covered [by the guidelines]
>
> including pricing labor, and assistance creating a solid P&L statement."

    f.    <u>Advertising and Promotion</u>: Wings to Go Corporate provides "regional

and national branding campaigns and promotion.

**B.    Defendants AJ Eastern, Inc. and NIPU, Inc.**

26.    Defendant AJ Eastern, Inc. is a Washington, DC corporation that owns and

operates the Wings to Go franchise located at 3502 12th St, NE, Washington DC.

27.    Defendant NIPU, Inc. is a Washington, DC corporation that owns and operates

the Wings to Go franchise located at 3825 Pennsylvania Ave., SE, Washington DC.

## IV.   VIOLATIONS ALLEGED

**A.    Acts of Discrimination Suffered by Individual Plaintiff Starks**

28.    Mr. Lewis Starks lives in the same neighborhood as the Wings to Go restaurant

located at 3502 12th St, NE.  Indeed, a bus line that he regularly rides goes directly past the 3502

12th St, NE Wings to Go restaurant.

29.    In the Summer of 2013, Mr. Starks attempted to purchase food from the Wings to

Go restaurant at 3502 12th St, NE.  Upon arriving at the restaurant, however, Mr. Starks found

that the restaurant was not wheelchair accessible because patrons were required to navigate a 6

inch step in the front of the restaurant that blocked his wheel chair.

30.    When he was unable to enter the restaurant, Mr. Starks was forced to knock on

the window of the restaurant so that a staff member at the 3502 12th St, NE Wings to Go

location would come outside to take his order.  As a result of the lack of wheelchair accessibility,

Mr. Starks was unable to see the menu, which was located inside the restaurant, when he placed his order.

31.     Mr. Starks was extremely disappointed that the Wings to Go restaurant at 3502 12th St, NE was inaccessible.  The fact that he was unable to enter the restaurant made him feel unwelcome.

32.     Indeed, Mr. Starks was all the more disappointed in Wings to Go when he learned that the Subway restaurant next door was wheelchair accessible via a ramp in the front of the building.

33.     In June of 2014 Mr. Starks once again tried to enter the Wings to Go restaurant located at 3502 12th St, NE.  Once again, however, the six inch step at the front of the restaurant blocked his path.  Mr. Starks was forced to place his order from outside the restaurant without being able to view the menu.

34.      After his second visit to the Wings to Go restaurant located at 3502 12th St, NE., Mr. Starks was extremely disappointed, distressed and felt as though he had been discriminated against based on his disability.

> **B.     Plaintiff Equal Rights Center's Outreach and Investigation of Wings to Go Restaurants**

35.     After receiving reports of a complaint from Mr. Starks, an individual with disabilities who had been denied access to Defendants' restaurants, the ERC diverted a portion of its scarce resources to perform an accessibility survey of Wings to Go Restaurants, and to counseling Mr. Starks.

36.     The ERC investigated Wings to Go restaurants in Maryland, Virginia, and Washington, DC.

37.     The ERC investigation revealed that Wings to Go restaurants across the region contain barriers that prevent wheelchair and scooter users and other people with disabilities from accessing Defendants' goods, services, facilities, privileges, advantages, and accommodations, and that violate Appendix A of the Department of Justice regulations implementing Title III of the ADA, the <u>Standards for Accessible Design</u> ("Standards").  The barriers at Wings to Go's two Washington, DC locations include, but are not limited to:

a.     <u>Entrance:</u>  The entrance to the restaurant at 3502 12th St, NE is not accessible, in violation of Standard 4.1.3(8)(a)(iii).

b.     <u>Sales and Service Counters:</u>  Sales and service counters at Wings to Go's 3502 12th St, NE and 3825 Pennsylvania Ave, SE locations significantly exceed the maximum height allowance, in violation of Standard 7.2(1).

38.     The ERC found that the main entrance of 3502 12th St, NE is inaccessible to persons who use wheelchairs or scooters for mobility due to a six inch step at the entrance to the restaurant.  In addition, 3502 12th St, NE lacked an alternative entrance that was accessible to customers who use wheelchairs or scooters.

39.     In addition, the ERC found that the service counter at the 3502 12th St, NE location is 46 inches high, which exceeds the maximum allowable standard under the ADA.

40.     Similarly, the ERC found that the service counter at the 3825 Pennsylvania Ave., SE location is 52 inches high, which also exceeds the maximum allowable standard under the ADA.

41.      In addition, the ERC sent Defendant Wings to Go, Inc. an outreach and education letter by certified mail to inform Wings to Go, Inc. of its unlawful conduct, to educate

it on its responsibilities under the DCHRA and ADA, and to seek cooperation in collaborating with the ERC to address its discriminatory conduct.

42.     ERC's outreach and education letter was received and signed for by Defendant Wings to Go, Inc., but Wings to Go, Inc. failed to respond.

43.     Overall, the ERC spent over 70 hours counseling Mr. Starks, investigating Wings to Go and conducting outreach and education efforts in response to Wings to Go's unlawful conduct.

## V.     DEFENDANT WINGS TO GO, INC.'S RESPONSIBILITY FOR ACCESS BARRIERS IN WINGS TO GO RESTAURANTS

44.     Upon information and belief, virtually all significant policy decisions across the various Wings to Go franchises, including approval of franchisees restaurant designs, are made from the Maryland headquarters of Wings to Go, Inc.  Indeed, Wings to Go, Inc.'s own website tells franchisees that it provides them with site selection and store design as well as "business guidelines" that cover "all facets of [their] business…"

45.     Upon information and belief, Wings to Go, Inc. requires that each of its franchisees, including the franchisees operating restaurants at 3502 12th St, NE and 3825 Pennsylvania Ave., SE, submit building and architectural plans for approval before beginning construction and opening a Wings to Go franchise.

46.     Upon information and belief, the access barriers at Wings to Go restaurants are the result of a common design or designs dictated by Defendant Wings to Go Inc.'s corporate policies, practices, and procedures, and/or absence of corporate policies, practices, and procedures relating to compliance with the ADA and the DCHRA.

47.     Modification of Defendant Wings to Go, Inc.'s policies, practices, and procedures to ensure full and equal enjoyment of Wings to Go restaurants would not constitute a fundamental alteration of the nature of Defendants' goods, services, facilities, privileges, advantages, and accommodations.  Therefore, by their failure to modify their policies, practices, and procedures, Defendants have violated and continue to violate the ADA and the DCHRA.

48.     Through its rights as franchisor, Defendant Wings to Go, Inc. has the capacity and authority to modify its policies, practices and procedures to comply with the ADA and the DCHRA and to eliminate barriers at each Wings to Go restaurant in Washington, DC.

49.     Upon information and belief, the Wings to Go restaurants located at 3502 12th St, NE and 3825 Pennsylvania Ave., SE were designed and constructed for first occupancy after the effective date of the ADA.

50.     Removal of access barriers identified at Defendants' Washington, DC restaurants are readily achievable and are therefore required by law.

## VI.     PLAINTIFFS HAVE BEEN INJURED BY DEFENDANTS' DISCRIMINATORY CONDUCT

51.     As a result of Defendants' continuing failure to modify their policies, practices, and procedures to provide accessible main entrances and service counters, as required by the ADA and the DCHRA, Plaintiff ERC has suffered and will continue to suffer injury including, but not limited to:

a.     the frustration of the mission of the ERC to achieve equality of access for persons with mobility impairments and the elimination of discrimination against persons with disabilities in places of public accommodation;

     b.     the diversion of the ERC's resources necessary to identify and counteract

Defendant's unlawful discriminatory practices; and

     c.     interference with the interests of the ERC and its members in

protecting their rights to live in and enjoy a community that is free from

discrimination on the basis of physical disability.

## VII.   INJUNCTIVE RELIEF IS NECESSARY AND APPROPRIATE TO PROTECT THE RIGHTS OF PLAINTIFFS

52.    Defendants' refusal to modify their policies, practices, and procedures to ensure full and equal enjoyment of their restaurants by people with disabilities, including Plaintiff Starks and members of the ERC, and to provide accessible main entrances and service counters denies persons with disabilities the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of Wings to Go restaurants, and subjects persons with disabilities to discrimination in violation of the ADA.

53.    Defendants' refusal to provide accessible entrances and accessible service counters denies persons with disabilities the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of the Wings to Go restaurants in Washington, D.C., in violation of the DCHRA.

54.    Plaintiffs have reasonable grounds to believe that Wings to Go restaurants will continue to fail to provide accessible entrances and service counters as required by the ADA and DCHRA, and that therefore Plaintiffs Starks and the ERC and its members will be subjected to continuing discrimination in violation of the ADA and the DCHRA.

55.     Plaintiffs have no plain, adequate or complete remedy at law.  Plaintiffs Starks and the ERC and its members have suffered, are suffering, and will continue to suffer irreparable injury as a result of Defendants' continuing discriminatory conduct.

## VIII.   CLAIMS FOR RELIEF

### Discrimination on the Basis of a Disability in Violation of the
### Americans with Disabilities Act
### (42 U.S.C. §§ 12181, *et seq.*)

56.     Plaintiffs incorporate by reference each allegation contained above as if fully set forth herein.

57.     On July 12, 1990, Congress enacted the ADA "to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1).

58.     Title III of the ADA states that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of goods, services, facilities, privileges, advantages, or accommodations of any public place of accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

59.     Plaintiff Starks is an individual with a disability within the meaning of the ADA. 42 U.S.C. § 12102.

60.     Plaintiff ERC is an organization whose mission includes achieving equality of access for persons with mobility impairments and the elimination of discrimination against persons with disabilities in public accommodations.  ERC members include persons with disabilities within the meaning of the ADA.  42 U.S.C. § 12102.

61.     Wings to Go restaurants are "place[s] of public accommodation" within the meaning of the ADA.  42 U.S.C. § 12181(7)(E).

62.     Defendants are "private entit[ies] who own[], lease[] (or lease[] to), or operate[] a place of public accommodation," and therefore have obligations under Title III of the ADA.  42 U.S.C. § 12182(a).

63.     Title III makes it "discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class…with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals."  42 U.S.C. § 12182(b)(A)(ii).

64.     Defendants' failure to provide access to and throughout their restaurants for individuals with mobility impairments denied and continues to deny, on the basis of their disability, Plaintiffs Starks and the ERC and its members, the same access to Defendants' goods, services, facilities, privileges, advantages, or accommodations as the access provided to individuals without disabilities.

65.     Defendants Wings to Go, Inc. and AJ Eastern, Inc. force individuals who use wheelchairs or scooters to place their order outside of the Wings to Go restaurants located at 3502 12th St, NE instead of inside the restaurant where they are able to view the menu as individuals without disabilities are able to do.

66.     Defendants Wings to Go, Inc., AJ Eastern, Inc. and NIPU, Inc. prevent individuals with disabilities from accessing service counters that are available to individuals without disabilities.

67.     At all times relevant to this action, the ADA was in full force and effect in the United States and Plaintiffs had a right not to be subjected to discrimination on the basis of their disability by Defendants.

i.      *Architectural and Structural Barriers in Violation of the ADA*

68.     Title III of the ADA requires places of public accommodation to design and construct facilities built after the effective date of the ADA in conformance with the Standards, to the extent that such is not structurally impractical.  42 U.S.C. § 12183(a)(1); 28 C.F.R. § 36.406.

69.     To the extent design and construction of 3502 12th St, NE and 3825 Pennsylvania Ave., SE pre-date the effective date of the ADA, Defendants' failure to design and construct their restaurants in conformance with the Standards violates Title III because design and construction of their restaurants to conform to the Standards would not have been structurally impractical.

70.     The Standards require that, where feasible, entrances used by the majority of people visiting the facility be accessible.  Standards § 4.1.3(8)(a)(iii).  Clearly, this Standard is not met at Wings to Go's location at 3502 12th St, NE since the entrances used by patrons visiting the restaurant is not accessible.

71.     Defendants' stores contain other architectural and structural barriers to accessibility for persons with disabilities in violation of the ADA.  These violations include, but are not limited to, inaccessible sales and service counters at both 3502 12th St, NE and 3825 Pennsylvania Ave., SE.

72.     The access barriers at Wings to Go restaurants constitute unlawful discrimination on the basis of disability because they denied and continue to deny individuals with disabilities, including ERC members, the full and equal enjoyment of goods, services, facilities, privileges, advantages, or accommodations provided by Wings to Go restaurants.  42 U.S.C. § 12182(a).

73.     Title III of the ADA requires places of public accommodation to remove architectural barriers in existing facilities where barrier removal is readily achievable.  42 U.S.C. § 12182(b)(2)(A)(iv).  Measures taken to remove architectural barriers must comply with the Standards unless it would not be readily achievable to do so.  28 C.F.R. § 36.304(d).

74.     Defendants' failure to remove architectural barriers at their entrances and inside their stores violates the ADA because removal of these barriers is readily achievable and is required by the ADA.

75.     The ADA also prohibits public accommodations from providing individuals with disabilities goods, services, facilities, privileges, advantages, or accommodations that are different or separate from those provided to other individuals, unless doing so is necessary to the provision of the goods, services, facilities, privileges, advantages, or accommodations in question.  42 U.S.C. § 12182(b)(1)(A)(iii).

*ii.     Failure to Maintain Accessible Features in Violation of the ADA*

76.     The U.S. Department of Justice regulations to Title III of the ADA require that places of "public accommodation []maintain in operable working condition those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities," unless the interruption in service or access is isolated or temporary or due to maintenance or repairs.  28 C.F.R. § 36.211(a).

77.     Upon information and belief, Defendants have failed to maintain accessible features at their stores, including an inaccessible entrance at the 3502 12th St, NE location and inaccessible sales counters at both the 3502 12th St, NE location and 3825 Pennsylvania Ave, SE location.

78.     Defendants failure to maintain an accessible entrance and service counters in their stores renders Plaintiffs Starks and other members of the ERC unable to enter and place an order at Wings to Go restaurants in Washington, DC.

79.     Failure to maintain an accessible entrance and service counters is not due to maintenance or repairs, but rather to corporate policies or practices, or the lack thereof, relating to accessibility for people with disabilities.

**Discrimination on the Basis of a Disability in Violation of the
District of Columbia Human Rights Act
(D.C. Code Ann. § 2-1401.01, *et seq.*)**

80.     Plaintiffs incorporate by reference each allegation contained above as if fully set forth herein.

81.     At all times relevant to this action, the District of Columbia Human Rights Act, D.C. Code Ann. §§2-1401.01, *et seq.* ("DCHRA"), and the guidelines promulgated by the District of Columbia Commission on Human Rights were in full force and effect in the District of Columbia and Plaintiffs had a right not to be subjected to discrimination on the basis of their disability by Defendants.

82.     The DCHRA makes it an unlawful discriminatory practice to "deny, directly or indirectly, any person the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodations" "wholly or partially for a discriminatory reason based on the actual or perceived. . . disability. . . of any individual." D.C. Code § 2-1402.31(a)(1).

83.     "Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of competent jurisdiction for damages and such other remedies as may be appropriate. . . ."  D.C. Code § 2-1403.16.

84.     Plaintiff Starks and Plaintiff ERC's members are persons with a disability within the meaning of the DCHRA.  D.C. Code § 2-1401.02(5A).

85.     Plaintiff Starks and Plaintiff ERC are aggrieved person within the meaning of the DCHRA.  D.C. Code § 2-1401.02(21).

86.     The Wings to Go restaurants located in the District of Columbia are "place[s] of public accommodation" within the meaning of the DCHRA, D.C. Code § 2-1401.02(24), and Defendants are owners of a place of public accommodation within the meaning of the DCHRA. D.C. Code § 2-1401(20)(A).

87.     Defendants Wings to Go Inc. and AJ Eastern, Inc. have violated and continue to violate the DCHRA because they completely exclude individuals who use wheelchairs or scooters from entering the Wings to Go restaurant located at 3502 12th St, NE.  There is no accessible entrance to this Wings to Go restaurant—the main entrance consists of a six inch step into the store and there is no alternative, accessible entrance.

88.     Additionally, Defendants Wings to Go, Inc. and NIPU, Inc. have violated and continue to violate the DCHRA because they exclude individuals who use wheelchairs or scooters from accessing the service counter at the Wings to Go restaurants located at 3825 Pennsylvania Ave., SE and 3502 12th St, NE.

89.     Defendants' policies and practices, including approving, maintaining, and designing the inaccessible District of Columbia Wings to Go restaurants, deny individuals with disabilities, including Plaintiff Starks and the ERC and its members, the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of the Defendants' restaurants.

90.     Defendants' conduct has harmed Plaintiff ERC and its members and will continue to harm Plaintiff ERC and Plaintiff Starks and its members until Defendants are ordered by this Court to make the Wings to Go stores in Washington, D.C. accessible to individuals who use wheelchairs or scooters for mobility and other individuals with disabilities.

91.     For their violations of the DCHRA, and in accordance with D.C. Code § 2-1403.16, Defendants are liable to Plaintiff ERC and Plaintiff Starks for compensatory damages, punitive damages, costs and attorneys' fees in amounts to be determined at trial, and all other available relief.

## PRAYER FOR RELIEF

92.     WHEREFORE, Plaintiffs Starks and the ERC, on its own behalf and on behalf of its members, respectfully pray that this Court:

(1)     Declare the acts and omissions of Defendants complained of herein to be in violation of the ADA and the DCHRA;

(2)     Enter a preliminary and permanent injunction requiring Defendants to: (i) modify their policies, practices and procedures to comply with the ADA and the DCHRA; and (ii) remove architectural barriers at their Wings to Go stores in Washington, DC;

(3)     Enter judgment awarding Plaintiff Starks and Plaintiff ERC compensatory and punitive damages, where appropriate, under the DCHRA in an amount appropriate to the proof at trial;

(4)     Award Plaintiff ERC its costs and attorneys' fees, including litigation expenses, reasonably incurred in the prosecution of the action; and

(5)     Award Plaintiff ERC such other and further relief as this Court shall deem just

and proper.

## IX.     DEMAND FOR A JURY TRIAL

Plaintiffs, by their counsel and pursuant to Federal Rule of Civil Procedure 38(b), hereby

demand a trial by jury on all claims so triable in this action.

Dated:       October 1, 2014              Respectfully Submitted,


                                          _/s/Matthew K. Handley_____
                                          Matthew K. Handley (Bar No. 489946)
                                          Washington Lawyers Committee for
                                                Civil Rights and Urban Affairs
                                          11 Dupont Circle, N.W., Suite 400
                                          Washington, D.C. 20036
                                          Telephone: (202) 319-1000
                                          Facsimile: (202) 319-1010
                                          Matthew_Handley@washlaw.org
                                          Deepa_Goraya@washlaw.org

                                          Peter T. Grossi (Bar No. 201517)
                                          ARNOLD & PORTER, LLP
                                          555 12th Street, N.W.
                                          Washington, D.C. 20004
                                          Telephone: (202) 942-6002
                                          Facsimile: (202) 942-5999
                                          Peter.Grossi@aporter.com
                                          Dan.Leary@aporter.com